IN THE UNITED STATES DISTRICT COURT    RECEIVED
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

2014 OCT 10  P 12: 20

| | | |
|---|---|---|
| Sarah Williams, | ) | |
| | ) | Civil Action No. 2:13-cv-304-RMG |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Johnson & Johnson, Inc. a/k/a | ) | |
| Johnson & Johnson Incorporated, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge recommending that the Court grant Defendant's Motion for Summary Judgment. (Dkt. No. 27). For the reasons set forth below, the Court agrees with and adopts the Report and Recommendation of the Magistrate Judge.

## I. Background

Plaintiff filed this employment discrimination action on February 1, 2013 against her former employer, Johnson & Johnson, asserting three causes of action. She alleges that when Johnson & Johnson fired her after nine years of employment, the company: 1) violated the Americans with Disabilities Act ("ADA"); 2) violated the Family Medical Leave Act ("FMLA"); and 3) breached an employment contract with her. (Dkt. No. 1).

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A), and Local Civil Rule 73.02(B)(2)(g) DSC, this matter was referred to a Magistrate Judge for all pretrial proceedings. On March 28, 2014, Defendant filed a motion for summary judgment regarding all of Plaintiff's claims (Dkt. No. 27) and additional attachments to the motion (Dkt. No. 29). Plaintiff then filed a response (Dkt. No. 35) and Defendant filed a reply (Dkt. No. 36). The Magistrate Judge issued

a Report and Recommendation ("R&R") on August 22, 2014, recommending this Court grant Defendant's motion for summary judgment. (Dkt. No. 40). Plaintiff then filed timely objections to the R&R (Dkt. No. 41) and Defendant filed a reply (Dkt. No. 42).

## II. Legal Standard

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

### B. Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Only material facts–those "that might affect the outcome of the suit under the governing law"–will preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine, "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

At the summary judgment stage, the court must "construe the evidence, and all reasonable inferences that may be drawn from such evidence, in the light most favorable to the nonmoving party." *Dash v. Mayweather*, 731 F.3d 303, 310 (4th Cir. 2013). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Id.* at 311.

### III. Law/Analysis

The Court finds the Magistrate Judge applied sound legal principles to the facts of this case and therefore adopts the R&R as the order of the Court. The R&R provides a detailed overview of the facts of the case. In brief, however, Plaintiff commenced work as an insurance underwriter for Johnson & Johnson in June 2002, and after the 60-mile commute proved too difficult for her to consistently work in the office, she began to telecommute in 2009. She continued to have problems making herself available during the agreed-upon hours, and her employers noted in her performance reviews that her attendance and completion of assignments were below expectations. Around the beginning of May 2010, Plaintiff suffered a personal disruption and was diagnosed with depression soon after. Upon the suggestion of her human resources manager, Plaintiff designated her daughter as a point of contact and applied for FMLA leave, which was immediately approved. (Dkt. No. 35 at 2). Pursuant to her physician's

directions, Plaintiff was granted FMLA leave, and she left work in May of 2010. (*id.*). After returning to work with some intermittency in the month of July 2010, she commenced full-time work again on August 2nd, with the approval of her physician, who noted on August 29th, 2010 that she "may require fewer work hours on some days, if overwhelmed." Plaintiff did not ever request, claim, or otherwise indicate that she was utilizing FMLA leave after August 2nd, despite having been clearly informed that if she needed additional time, she would simply need to say so, in order that the time could be coded as FMLA leave rather than as an absence in Defendant's recordkeeping. (Dkt. No. 27-1 at 35-38). However, between January 2, 2011 and February 4, 2011, Plaintiff was absent from work or otherwise failed to complete her work duties on eighteen occasions. (Dkt. No. 27 at 8-10). The reasons she gave at the time, which are provided by the Defendant and undisputed by the Plaintiff, included having family visiting, having family members ill, running errands, home repairs, and performing tasks for family members, as well as computer issues and needing to reboot to connect to Johnson & Johnson's computer system. (*E.g.*, Dkt. No. 27 at 8-10).

## A. FMLA Claim

Plaintiff alleges that Defendant's "discipline against the Plaintiff and discharge of the Plaintiff following her request for medical leave constituted a violation of the Family Medical Leave Act of 1993 (29 U.S.C. 2601, et seq.)." (Dkt. No. 1 ¶ 42). In other words, she alleges a retaliation claim. To prove retaliation under the FMLA, Plaintiff bears the burden of establishing a prima facie case showing that (1) she engaged in protected activity; (2) the employer took adverse employment action against her; and (3) a causal connection existed between the protected activity and the adverse action. *E.g. Mercer v. Arc of Prince Georges Cnty., Inc.*, 532 F. App'x 392, 398 (4th Cir. 2013). If the employer can present a nondiscriminatory reason for

4

its actions, the employee must then demonstrate that the proffered reason is pretext for FMLA retaliation. As the R&R points out, the FMLA "does not protect an employee on leave from an adverse employment decision that would have occurred had she not taken leave." (R&R at 4, citing *Thompson v. Spartanburg Cnty.*, 2007 WL 2477338 at 9 (D.S.C. 2007)). Here, Plaintiff demonstrated that she engaged in a protected activity (applying for and taking leave) and that her employer took adverse action against her (firing her), but no evidence of a causal connection is presented in the record. If anything, Plaintiff went out of her way in January of 2011 to provide non-FMLA related reasons for her absences from work. Plaintiff claims in her response to the Motion for Summary Judgment that because she was approved in May 2010 for twelve weeks of FMLA leave over the proceeding calendar year, she was "still protected under FMLA" even after returning to her full time schedule because her physician advised that she would need to take time off when work became too overwhelming and there was therefore "intermittent FMLA for use at the Plaintiff's need." (Dkt. No. 35 at 6). It is undisputed by either party that Johnson & Johnson agreed that after her return to full-time work in August 2010, Plaintiff had permission to take additional time away from work when she was "overwhelmed."

However, the fact that Plaintiff was entitled to take additional leave after August 2010 does not demonstrate that she did in fact take such time. As Plaintiff points out (Dkt. No. 35 at 7), the FMLA provides that a person may take leave intermittently when necessary, as long as the employee makes "a reasonable effort to schedule the treatment so as not to disrupt unduly the employer's operations." 29 C.F.R. § 825.203. Plaintiff alleges that she "suffered a nervous breakdown and had diabetes, both of which rendered her unable to work at a full time status." (Dkt. No. 35 at 7). But the reasons she gave at the time for her absences never related to the FMLA or even to her depression or any similar reasons, and there is nothing in the record to

5

raise a question of fact as to whether she was actually taking intermittent leave at the time of her firing, or even whether there was any link at all between her dismissal and her use of FMLA leave six months earlier. Plaintiff has provided no evidence that she was still relying upon FMLA leave after she returned to work full time, or that her absences from work were related to her earlier FMLA leave. Her FMLA claim is therefore dismissed.

### B. ADA Claim

Plaintiff alleges in her complaint that the Defendant has "discriminated against the Plaintiff, a handicapped person, without reasonable justification as prohibited by § 102 of the ADA, 42 U.S.C. § 12112. The parties do not dispute that Plaintiff, at the times relevant to the case, suffered from depression, a disability recognized by the ADA.[1] To establish a prima facie case of discrimination in the ADA context, a Plaintiff must show that "(1) she was in the protected class; (2) she was discharged; (3) at the time of the discharge, she was performing her job at a level that met her employer's legitimate expectations; and (4) her discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination." *E.g., Fields v. Verizon Servs. Corp.*, 493 F. App'x 371, 375 n.4 (4th Cir. 2010); *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 58 (4th Cir. 1995). The Court agrees with the Plaintiff and the Magistrate Judge that Plaintiff has presented evidence sufficient to survive summary judgment on the first two elements. However, all of the evidence in the record indicates that Plaintiff was *not* performing her job at a level that met Johnson & Johnson's legitimate expectations, with the exception of a telephone review that Plaintiff claims was positive in late January, and which created no written record. The remaining evidence all provides more than enough information to show that Plaintiff was not meeting the requirements of her position. Furthermore, there is

[1] The Complaint and some other filings also mention Plaintiff's diabetes, but no evidence is presented in the record as to any alleged discrimination based on her diabetes, and when asked in deposition whether she was discriminated against on anything besides her mental health, she "moved [her] head back and forth." (Dkt. No. 27-1 at 53).

6

nothing to create a reasonable inference that her dismissal was the result of unlawful discrimination. Plaintiff's response to the Motion for Summary Judgment contains one page of ADA argument, which consists of conclusory allegations that Defendant "has discriminated against the Plaintiff, a handicapped person, without reasonable justification." The Court finds that Plaintiff has failed to present a prima facie case on the ADA claim and it is therefore dismissed.

## C. Breach of Contract Claim

Plaintiff provided no more than conclusory allegations in her response to the Motion for Summary Judgment asserting that she had a valid contract for employment with Johnson & Johnson, which was breached when it fired her. (Dkt. No. 35 at 1, 7). Plaintiff's assertions that the handbook's incorporation of the FMLA rules comprise a contract have no basis in the law, and the Court agrees with the Magistrate Judge and dismisses this claim as well.

## D. Objections

Plaintiff argues that the R&R failed to adequately consider her allegation that her connectivity problems were caused by Johnson & Johnson's computer system, not through any fault of hers. This argument does not raise a question of material fact within the meaning of the summary judgment standard, as it would not affect the outcome of the case. The question of whether Johnson & Johnson's reason for firing her was pretextual is only relevant once Plaintiff has presented a prima facie case providing some evidence of her claims, which she has not.

However, even if Plaintiff had presented a prima facie case and the Court were to reach the question of pretext, Plaintiff's dispute as to the cause of the internet issues would be insufficient to show that Johnson & Johnson's reason for firing her was pretextual. To show that a reason proffered by an employer is a pretext for discrimination, the employee may show that

the "proffered reason is not worthy of belief." *Williams v. Staples, Inc.*, 372 F.3d 662, 669 (4th Cir. 2004); *see also Mereish v. Walker*, 359 F.3d 330, 336 (4th Cir. 2004) (noting that a plaintiff can prove pretext by showing the explanation is "unworthy of credence" or by offering "other forms of circumstantial evidence sufficiently probative" of discrimination). No evidence has been presented showing that Plaintiff was singled out for discipline based on her inability to stay online and available for work; Plaintiff asserts in her deposition and in briefing that the computer system utilized by Johnson & Johnson was the source of her connectivity problems, but she has pointed to no evidence that other telecommuters actually had the same problems, or that they were accorded more leeway than she in managing them. When asked whether Johnson & Johnson showed preferential treatment for other employees in her deposition, Plaintiff responded "I have no idea about that." It is not the province of the court to consider whether the reason for the employer's decision was "wise, fair, or even correct, ultimately so long as it truly was the reason for the plaintiff's" termination. *Dugan v. Albermarle Cnty. Sch. Bd.*, 293 F.3d 716, 722 (4th Cir. 2002).

### Conclusion

For the reasons set forth above, the Court agrees with and adopts the conclusions of the R&R. Accordingly, Defendant's Motion for Summary Judgment is granted. (Dkt. No. 27).

Richard Mark Gergel
United States District Court Judge

October 10, 2014
Charleston, South Carolina

8